IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 13-cv-01608-PAB-CBS

900 MULLIGAN, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

GRAND COUNTY,
a political subdivision of the State of Colorado;
FEDERAL DEPOSIT INSURANCE CORPORATION,
a United States government corporation,

      Defendants.

---

**ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE
AND RULE 26(f) PLANNING MEETING**

---

The above captioned case has been referred to Magistrate Judge Craig B. Shaffer by District Judge Philip A. Brimmer, pursuant to the Order Referring Case (doc. #11) filed June 25, 2013.  *See* 28 U.S.C. §636(b)(1)(A) and (B) and FED.R.CIV.P. 72(a) and (b).

**IT IS HEREBY ORDERED:**

    (1)  The court shall hold a FED.R.CIV.P. 16(b) scheduling and planning conference on

> **August 8, 2013, at
> 1:30 p.m. (Mountain Time)**

The conference shall be held in Courtroom A-402, Fourth Floor, of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  If this date is not convenient for any party[1], he or she shall confer with opposing parties and contact the court to reschedule the conference to a more convenient time.  **Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show valid photo identification.  See D.C.COLO.LCivR 83.2B**.

---

[1] The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the "Forms" section on the Court's website under the "Standardized Order Forms" heading.

In accordance with D.C. COLO. ECF. PROC. 5.12, the parties shall file their proposed scheduling order and also email an editable version to Shaffer_Chambers@cod.uscourts.gov no later than:

> **Seven (7) days prior to the conference**

(2)  In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with FED.R.CIV.P. 26(f), no later than:

> **Twenty-one (21) days prior to the conference**

The court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference.  All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by FED.R.CIV.P. 26(a)(1), and develop their proposed scheduling/discovery plan.  The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which:  (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.,* e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery.  The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the scheduling and planning conference.

These are the minimum requirements for the Rule 26(f) meeting.  The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith.  The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation.  The discussion of claims and defenses shall be a substantive, meaningful discussion.

  The parties are reminded that pursuant to FED.R.CIV.P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

  (3)  The parties shall comply with the mandatory disclosure requirements of FED.R.CIV.P. 26(a)(1) no later than:

> **Seven (7) days prior to the conference**

Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses.  Mandatory disclosures must be supplemented by the parties consistent with the requirements of FED.R.CIV.P. 26(e).  Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

  (4)  All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLOL.CIVR.).  Copies are available through the District Court's web site: www.cod.uscourts.gov.

  All out-of-state counsel shall comply with D.C.COLOL.CIVR. 83.3 prior to the Scheduling/Planning Conference.

DATED at Denver, Colorado, on June 28, 2013.

                BY THE COURT:

                *s/Craig B. Shaffer*
                United States Magistrate Judge